James Henry **HAMPTON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. SC 81478.

Supreme Court of Missouri,
En Banc.

Jan. 11, 2000.

Rehearing Denied Feb. 8, 2000.

---

**22.** 887 S.W.2d 588, 591 (Mo. banc 1994) (internal citations omitted).

**23.** *See State v. Chaney,* 967 S.W.2d 47, 57 (Mo. banc 1998).

**24.** *See id.*

Laura G. Martin, Asst. Public Defender, Kansas City, James Henry Hampton, Mineral Point, pro se, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank Jung, Asst. Atty. Gen., Jefferson City, for Respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

This is an appeal of the denial of a motion for post-conviction relief under Rule 29.15 brought by the public defender's office on behalf of James Henry Hampton, but without his consent. Hampton was convicted and sentenced to death for the 1992 murder of Frances Keaton. On appeal to this Court, the judgment of conviction and sentence was affirmed. *State v. Hampton,* 959 S.W.2d 444 (Mo. banc 1997). Thereafter, the public defender's office, again without Hampton's consent, attempted to file a petition for writ of certiorari in the United States Supreme Court. This was never accomplished, however, because the Supreme Court denied the public defender's motion to proceed in forma pauperis on the ground that Hampton refused to sign the motion. *Hampton v. Missouri,* 523 U.S. 1135, 118 S.Ct. 1837, 140 L.Ed.2d 1088 (1998). In addition, since resolution of the direct appeal,

Hampton has repeatedly written to this Court advising that he wishes to forego all other appeals and requesting that the Court set an execution date.

The public defender's office bases this appeal on four related claims:[1] 1) that the motion court failed to order Hampton to submit to a mental examination, 2) that the motion court failed to appoint a guardian ad litem for Hampton, 3) that Hampton did not make a valid waiver of his right to file a Rule 29.15 motion, and 4) that the public defender's office should have been allowed to file the motion without Hampton's verification. Each of these claims calls into question Hampton's mental competency. The public defender's office relies on the testimony of Dr. Jonathan H. Pincus, a neurologist, who opined that Hampton suffers from a brain injury to the frontal lobe that has impaired his judgment to the extent that he "is not competent to make the legal decisions as to whether to pursue further appeals or whether to waive representation of counsel."

The trial court rejected the claim that Hampton was incompetent by relying on Hampton's apparent lucidity during the proceedings and the report of a different expert, Dr. Sam Parwatikar, a psychiatrist, who testified that Hampton did not suffer from any mental disease or defect that would preclude him from representing himself at trial, which he did, or from assisting counsel in his defense, had he requested counsel.

■ No new evidence regarding Hampton's alleged incompetency was presented to the motion court except 1) that Hampton has asked the court to take up a forfeiture case, also pending in Callaway County, regarding the 1971 Pontiac Bonneville that was seized as evidence in

---

1. A fifth claim – that the motion court erred by finding that the original Form 40 was filed on April 28, 1998, which would be one day late – has no bearing on this case because the motion court did not dismiss the motion on the basis that it was untimely filed. Moreover, as the state points out, the record shows conclusively that the motion was timely filed on April 27, 1998.

the underlying prosecution, and 2) that he seeks the return of three boxes of personal property containing such items as a dictionary and a cup that were also seized in connection with the underlying prosecution. As this Court understands the public defender's argument, Hampton's incompetency is manifested by the fact that Hampton, "despite being faced with the waiver of all future appeals and imminent execution, remain[s] irrationally fixated with the return to him by the prosecution of his confiscated automobile and boxes of personal property." To the contrary, this "new evidence" of incompetency is more probative of Hampton's competency. It shows that Hampton is concerned that his worldly affairs are put in order before he is executed.

█ In the absence of any new evidence that Hampton is incompetent, the motion court made the following findings:

1) Mr. Hampton had the ability to understand the proceedings in this matter.

2) Mr. Hampton does not desire to proceed with any postconviction proceedings.

3) Mr. Hampton is knowingly, intelligently, and voluntarily waiving his postconviction rights.

4) Mr. Hampton understands the significance and consequences of waiving his postconviction proceeding.

5) Mr. Hampton's decision is uncoerced.

6) Mr. Hampton is competent to decide whether he wishes to waive his postconviction proceedings.

At trial, Hampton took the witness stand to confess to the crime before the jury and to tell the jury that he had attempted suicide at the time of his arrest and that he did not wish to spend the rest of his life in prison. After sentencing, he filed a motion that his conviction be summarily affirmed and an early execution date set. When the motion court asked him in person why he wanted to be executed, he replied:

I'm 60 years old. I've confessed. I see prisoners down in Potosi with 15 years on the row before they finally get to the execution chamber, and I know that I don't want to go through that. Prior to my arrest, I put a gun into my chin and pulled the trigger. This is the hole where the bullet came out. Because I don't want to spend the rest of my life and die of old age in jail. I've seen it all. I'm ready to go. I've got nine prior and separate unrelated convictions and incarcerations.

Throughout all the proceedings, Hampton has repeatedly, consistently and unequivocally taken the same position.

Under these circumstances, and in view of the trial court's earlier determination, affirmed on appeal, that Hampton is competent, and the lack of new evidence to the contrary, this Court holds that the motion court's findings are fully supported by the record and that the trial court did not err in any of the respects claimed by the public defender's office. Furthermore, this holding necessarily leads to the conclusion that the public defender's office had no authority to bring this appeal, or for that matter, the Rule 29.15 motion, itself. Hampton opposes this appeal and seeks its dismissal. This Court is bound to honor his request.

The appeal is dismissed.

All concur.